United States v. Stanley United States v. Stanley Good morning, your honors. Good morning, you may proceed. Thank you. May it please the court, my name is Shelly Santini and I represent Thurman Stanley, the appellate. I'd like to reserve three minutes for rebuttal. Done. I'm sorry, counsel, I didn't catch your name. Shelly Santini, judge. Okay. Your honors, we're requesting that the court make a very narrow ruling in this case. That the consenting adult exception in SORNA applies where the count of conviction is 18 U.S.C. 2421. Who has the burden to show that it does or doesn't apply? That the consenting adult exception applies? Who has the burden to show that it applies or does not apply? I think that the government should always have the burden of proof in a criminal case. But this is to prove an exception to the general rule. So I've raised it. And then I think the burden shifts to the government. So having raised it and raised it alone, it's the government's burden. Is your position. That's correct. What's your authority for that? I don't have any authority for that, judge. Other than the fact that in most criminal cases the burden shifts to the government to prove elements of the crime. When someone raises, for example, an affirmative defense, well, this is not an affirmative defense. Isn't it in the nature of an affirmative defense when you say, yeah, that's the general rule, but it doesn't apply to me? Isn't that in the nature of an affirmative defense? Well, I think it turns under the facts underlying the conviction. And facts always need to be proven. If we're taking a circumstance specific approach relating to this particular exception, then I think that the facts underlying the conviction are what's important. Do you concede that it is the right approach here that Brown applies and this is a circumstance specific analysis? Yes, I think that makes the most sense. Do you also concede that if the consensual sexual conduct exception does not apply, that this does constitute a sex offense, at least under 5A.3 and registration would be required? Right, so generally convictions under 2421 are sort of trigger offenses. Taking it out of that context, if the exception applies, then it's not a registration offense. So the only question, you're not disputing that it's otherwise a sex offense? That's correct. So, really narrow question for today is whether or not the underlying facts show that the victims, or the defendants, are committing prostitution. I think that's a really narrow question. Is there a preliminary question about waiver? Why doesn't the waiver just make all of this discussion moot? Well, I remember Mr. Stanley has never stipulated in the plea agreement or anywhere else that he's subject to SORNA registration. What does it mean for him to sign an agreement that says the defendant understands that the court must order the defendant to comply with all sex offender registration requirements under SORNA? And that, if applicable, defendant must register to keep. Now, you read the if applicable to vitiate that whole first clause. That's correct. Why isn't the more sensible reading of that to say he's admitted he is subject to SORNA? That's a statement. I'm subject to SORNA and if I move, in other words, if registration becomes applicable to me because I change my location, then I'm going to have to register. Why isn't that a reading that gives both of those clauses, the before the and and after the and meaning, as opposed to your reading which, wherein the second part, the following the and part, destroys the before the and part, if you get my drift. I think I do. And I think the answer is, as I read that when we were preparing Mr. Stanley's case, the way that I read it was, 2421 is possibly a trigger for SORNA. I have an exception, so I'm relying on the if applicable section in order to preserve my arguments, which were timely preserved by our sentencing memorandum and also on the record at sentencing. And if there is any ambiguity in that statement, then the government drafted the plea agreement. So that has to be construed against the government. How is it possibly applicable when we have two freestanding clauses that the defendant understands in the plea agreement two things. One is that the court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender registration requirements under SORNA. That is one requirement. The other is the defendant understands that, if applicable, the defendant must register and keep registration current and accurate in jurisdictions of residence, employment, and school. The if applicable is only part of that second clause, and those two do appear in the text of the agreement to be freestanding, don't they? That's not how I read it at the time, Judge Krause. If I had, I would have stricken it and I would have addressed it in the plea agreement. However, I didn't read it that way. I read that if applicable all men, if SORNA registration requirements are applicable to the defendant. And then, at the time that I did the sentencing memorandum and absentencing, I raised my objections. So, I think at the very, very worst, it's ambiguous, and that ambiguity should be construed against the government. Well, if we were to... Would this case depend upon whether the women involved in the counts to which the defendant pleaded guilty were coerced? Or can you take a larger view of his general activities which undoubtedly involve coercion? Judge Greenberg, I know of no case law that permits us to look beyond the count of conviction as to whether or not consent or force findings are made. So, anything relating to counts that were dropped or dismissed by the government are simply allegations. There are no facts that prove those allegations in the record. Well, if you look at the whole pre-sentence report, there's no question that this individual used coercion in some circumstances for his prostitution business. There also is in the PSR a statement that each of the adult females that were participating were voluntarily participating in prostitution. There's a fact finding, though, counsel. There's a finding of fact by the district court judge that all, quote, all, unquote, of the women were coerced. And there's certainly evidence in the record from which one could infer that coercion by the use of force, by the use of emotional intimidation, by the use of drugs and drug addiction was a feature common to Mr. Stanley's operation of his prostitution ring. So, if there's a finding of fact by the district court, which has some hold in the record, what do we care what the PSR says? If your Honor is referring to the district court's comments during the sentencing transcript, at sentencing the court mentions the use of force as a reason for denying Mr. Stanley's request for a variance and to support its finding that Mr. Stanley was a career offender. The court did not mention SORNA. Didn't the court say in the course of sentencing that all of the women were coerced? I believe that's a direct statement by the district court judge, right? If you're telling me that that's in the sentencing transcript, I obviously will believe you. I'm pretty sure it is. Let's take it for the sake of argument that it's in there, okay? If the district court judge says that and there is in fact evidence in the record to support that, doesn't that kind of trump whatever a probation officer said in the PSR? We dispute that all of the women were forced and coerced. That I understand, but I'm asking you to grapple with a finding of fact. If we take what the court said and I can understand you might take issue and say, well, I want to find a fact, but assume we were to read that piece of the transcript where it says all of the women were coerced. If that's a finding of fact and it's got traction in the record, then that's something that, unless it's clearly erroneous, we would have to operate under as a fact as well. It is clearly erroneous. If you look at the pre-sentence report, which does give the background of each one of these confidential witnesses, and I can't tell which one is which. Are any of them TE, CV, or CS? Confidential witness number three did not allege any abuse. So your argument then is clearly erroneous. Let me shift gears here for a second. The stipulation in the plea agreement says, at sentencing, the court would be permitted to consider all relevant information with respect to the defendant's background, character, and conduct, including conduct subject of charges which the United States has agreed to dismiss. That's in the plea agreement. Even if we accept that under the circumstance-specific approach, one would ordinarily be confined to looking at the counts of conviction, is it possible to view that statement by your client as an acknowledgment that indeed conduct which was referenced in the PSR and in other places in the record pertaining to dismiss counts is relevant to and does inform the analysis or should inform the analysis of the counts of conviction? Your Honor, I'm not really sure that I have a good answer as we're here right now for that particular question. I didn't expect us to be looking outside the counts of conviction for SORNA registration. But if the client and the counsel sign an agreement that says, and the court can look at everything in sentencing, and of course the SORNA is a feature of the sentencing, right? Yes, that's true. Why wouldn't that agreement communicate to the district court judge, we acknowledge that facts associated with these counts include these other pieces of information that are out there in the record. Because I'm also submitting a sentencing memorandum that says the consensual sexual consenting adult exception applies. So the question is what the district court can look at in making that very determination. You may have raised the issue, but then the plea agreement seems to say we understand that the court will look at relevant conduct in making that determination whether the exception applies. And then the district court didn't make any findings relating to SORNA registration, didn't make any findings as to whether or not the consensual sexual adult exception applies. Of course one could say that when he says all the women were coerced that's a finding. I mean I understand you reject that, but it does make that statement. The district court judge does make that statement in the course of the sentence. It's not accurate. And also it was pertaining to the career offender aspect of the sentencing. It wasn't pertaining to SORNA. Even in the context of the PSR there's no objection that I see in your memo to the 2G 1.1B enhancement for coercion of at least one of the victims. If you're referring to the flattening of the tires, there's also no specific tie to that individual being the victims of the counts of conviction. The absence of an objection to that enhancement indicates the understanding by the defendant that that applies to the counts of conviction. And the district court can accept any undisputed portion of a PSR as a finding of fact. Why doesn't that actually anchor the inevitability of the consensual exception in the PSR? There's no specific finding that that individual was TE, CB, or CS. But there's no objection to the enhancement applying pertaining to the counts of conviction. I understand that it was an enhancement and that there was no objection to it. The only argument I have for that is that my view of it was there's no evidence in the record that this person is one of the victims of the counts of conviction either TE, CB, or CS. So as far as sort of registration for simply interstate transportation, I didn't feel that that impacted the consensual sexual conduct exception. Okay. Thanks, Ms. Centine. We'll have you back on rebuttal and we'll hear from the government. Good morning, Your Honors. My name is Francis Semba. I represent the government in this case against Mr. Stanley. I do think for the reasons that the court stated that the waiver does apply in this case. We're just asking questions here. So let's and we understand you've got an argument about waiver, but let's get to the... Assume we got past waiver. Let's ask a real basic question. If the government wanted to deal with a clear route to SORNA registration here, why did the government not... Why did the government choose to dismiss every count in which it was clear that there was a sex offense as to which there was some coercion going on? Your Honor, we dismissed those counts pursuant to a plea agreement because Mr. Stanley cooperated with the government. He cooperated with the government in unrelated investigations. Understood, but I'm trying to get at... You're in a circumstance here where you're arguing and arguing vociferously hey, you should be able to look at everything in the record because see how we said look at everything in the record and yet you dismiss all the counts that would make that natural to look at those things leaving only the transportation counts and you heard Ms. Santini's argument which is if we're under the circumstance specific approach here we've got to look only at the transportation counts. Maybe there's not a great answer to this, but how did the government think it was going to get to rely on these other facts when it dismissed all those other counts and left us only with the transportation counts? First I can say since I negotiated the plea agreement SORNA was not at the forefront of our negotiation. It wasn't something that was a major factor, if any factor in the plea agreement itself. When I read this case I thought the same thing. The SORNA registration period was so far out that nobody cared about it really much. And also the state regulations would apply regardless of what was in the federal plea agreement. It looked to me like it wasn't a big deal to put it mildly. Yeah, and kind of what you just acknowledged came out of the record to me too and so my question to you is if you didn't negotiate for it why should you get it at the table now? If you were thinking about it and you didn't negotiate for it and you didn't see to it that it was in the plea agreement in a way that was clear since plea agreements are construed against the government, why is Ms. Santini right that they made their bed they ought to be made to lie in it and it doesn't include SORNA registration? First of all, the plea agreement does include SORNA registration. That paragraph 27 where the defendant says I understand that the court must apply SORNA to my case. So that's point one. Point two, you can violate the Mann Act which are the offenses of conviction here using coercion and not using coercion. In this particular case he violated the Mann Act using coercion. And if I can address her point about the let's just look at the offenses of conviction. Count 8 is the victim in count 8 and the indictment is identified by TE, her initials. Paragraph 11 of the PSR and it's CW5 in the PSR that's TE. How do we know that? There are only three victims that were taken across state lines. There are only three paragraphs in the PSR that talk about these women being taken across state lines. That's how we know that they We have to guess that those are the same three women that are identified later by initials, right? I don't think we have to guess because there are only three women that were taken across state lines. Technically four women, but the three women that were taken across state lines Yeah, but there were more than three women in his group of women who he had, who he was running as prostitutes, right? Correct. So to say there were only three women that crossed state lines and only three women who were identified by initials doesn't, you know, in the little Venn diagram in my mind, that doesn't exhaust the universe. You've left us to guess that those three women are the three women who were identified by initials. There's not an identification. Is there? The identification is that they were prostituted in New York as opposed to just in Pennsylvania. All the other victims were prostituted in Pennsylvania. The victims that crossed state lines were prosecuted in New York and two of them were prosecuted in North Dakota as well. But those specific paragraphs it's paragraph 11 of the PSR that deals with count 8 it's paragraph 8 of the PSR that deals with count 9 all allege or all provide information that neither one of these victims believed that they were free to leave Mr. Stanley, that Mr. Stanley physically abused those victims But none of that's apparent from the PSR or the indictment. Right? When you say apparent, you have to look you have to look and see that there are only a few victims that were actually transported across state lines. Figuring out which those were and connecting those dots is something I gather you're doing based on your knowledge of a record that is not what was before the district court of sentencing where it's now before us. That's correct. You're right. Do you agree that we with the circumstance specific approach we are limited to looking at the conduct that pertains to the counts of conviction, notwithstanding the language in the plea agreement that we had asked your colleague about. Yes, I don't agree with that. I believe that all relevant conduct can be considered by the court, even acquitted conduct, even conduct that is dismissed pursuant to a plea. How can that be consistent with the circumstance specific approach? The circumstance specific approach under Nijuan v. Holder tells us we don't look at acquitted conduct, we don't look at dismissed conduct, we look at counts of conviction, right? Correct. Okay. That's the Supreme Court law. If that's the Supreme Court law about the way the circumstance specific approach works how is it that we in this case can say, yeah, but in this instance we're going to look at everything. Well, for one reason is that the plea agreement itself permits that. Would we allow by agreement parties to alter the operation of the categorical approach or the modified categorical approach? Probably not. Okay. Then why would we allow the circumstance specific approach to be modified by agreement of the parties? I think the difference here is that the circumstance specific approach as it applies to a man act violation can consider those circumstances including the relevant conduct. We're talking about a defendant who was involved with at least 11 women and engaged in the business of prostitution. But it's one thing to talk about relevant conduct as it may pertain to sentencing enhancements and guidelines. But you're asking us to look to relevant conduct as circumstances pertain to dismissed counts as it applies to whether a statutory exception applies. Aren't those fundamentally different? They are different. Whether they're fundamentally different and whether we simply have to ignore all relevant conduct, I don't believe so. But that's where New Zealand comes into play, right? Correct. I do think, though, it's important that Judge Murley, the district court judge in this case, did make a finding in his remarks at sentencing that all of these women were coerced. He did that based on the pre-sentence report. And all of those women includes the women that were transported across state lines and that were victims of the offenses of conviction. Why don't you answer your colleague's assertion that that's clearly erroneous because there's just not evidence in the record to support that all the women were coerced. There's evidence in the record to support that certain women were coerced. And there's also evidence in the record that women were participating in this criminal activity consensually. So you can't have it both ways. You can't say they're consensual participants and then say they're coerced participants because those are mutually exclusive categories. Well, first of all, I don't think they're mutually exclusive categories when you're dealing with not a single episode of prostitution. I'm not saying that every time these prostitutes engaged in sex for Mr. Stanley over the course of many months or several years that every single sex act was non-consensual. What I'm saying is that during the course of that relationship, which may have started out as voluntary, it became coercive. And the paragraphs in the PSR indicate that with every victim, he provided drugs to them. He used drugs to manipulate them, to make them dependent on him. He kept all of the money that they made so that they were completely dependent on him for food, for clothing, for the hotel rooms that they lived in. That's the type of coercion and control that he exercised over every single victim, and it's reflected in the PSR. Who has the burden here to show the exception applies, and what authority do you rely on for that? I know. I looked at this before coming here, and I'm quite sure it's the defense that has the burden. It's the person raising the objection that has the burden, but I cannot point you to the case that I read, that I didn't read a case that said that. Don't we, in other instances, in criminal cases, put the burden on the government to negate an affirmative defense if it's properly raised, or there's a prime affation showing by the defendant? That does happen in some cases, such as entrapment, but again, I... Why wouldn't that be the case here? Why wouldn't the government bear the ultimate burden to show that SORNA registration is applicable rather than putting it on the defense to prove it's not? The SORNA statute defines certain crimes as sex offenses, and included in that definition is a violation of the Mann Act, 2421, under Title 18. It's expressly defined as a sex offense. Therefore, if you're going to have exceptions, it's the defense that has to come up with the burden to prove those exceptions. Otherwise, it applies, unless you can show an exception. Who has the burden of self-defense in a case? I remember I took the bar exam in 1958. That was a question, and I wasn't sure. I'm still not sure. Who has the burden of that? In a self-defense case, I believe that the defense has to come forward with evidence of self-defense, but ultimately, the government has to prove... I believe that's correct. Why isn't that the same principle in operation here? This is a part of sentencing. It's not part of a trial. It's not part of a burden of proof at trial. It's a sentencing factor that's involved here. Isn't a sentencing factor inherently more... more important than a guilt or innocence factor? Courts can take into account statements made by people at sentencing that might not even be admissible at a trial. I would agree with that. As I understand it. Okay. Ms. Santini. Thank you very much, Mr. Semper. Thank you. We'll have you rebuttal, Ms. Santini. Thank you, Judge. Just a couple of really quick points. Could you pull that down the microphone? In response to my colleague's arguments, one of the first statements that I wanted to address that Mr. Semper made was that of coercion. Initially, Mr. Stanley was charged in counts 8, 9, and 10 with not only the 24-21 interstate transportation, but also 24-22, which was the enticement and coercion. All references to 24-22 in those three counts were dropped in the plea agreement. So he did not violate the Mann Act using coercion as per the plea agreement. Well, as you say, he did not. To say it was he didn't do it, it's simply to say he pled to the transportation counts, and that's all it says, right? That's correct. As far as the victims all being coerced and that drugs were given to every single victim, I would like to draw the court's attention to the PSR. Cooperating witness number 3 did not allege any abuse by Mr. Stanley. Cooperating witness number 4 was not even a prostitute working for Mr. Stanley. Cooperating witness number 6 simply said that Mr. Stanley left her once without giving her food after she told him she was hungry but not, you know, force or coercion to engage in prostitution. Cooperating witness number 7 said that, did not allege any abuse and that she never even worked for Mr. Stanley, although he tried to recruit her on Facebook. So, out of these 11 victims, there's 4 right there in the PSR that simply don't To the extent that the district court made a finding as to the women who were prostituted, pointing out that women who were not don't allege coercion doesn't really get you very far, does it? Well, there are women that said that they were prostituted but didn't allege any abuse, such as cooperating witness number 3 and cooperating witness number 6. So, there are facts in the PSR which belied the findings of the district court. There was no hearing as far as those findings were concerned. Additionally, I know that the term consensual is not really defined in the statute either, which I perceive is a little bit of a problem, but I did find something that I wanted to bring to the court's attention as I was preparing for argument today. It wasn't included in my briefing, but the government's national guidelines for sex offender registration and notification, which are called the SMART guidelines, they're found at 73 Federal Register 38,030. It states the government's own position on the consensual sexual conduct exception. And it states that a jurisdiction does not have to require registration based on prostitution offenses that consist of the offender paying or receiving payment from an adult for a sexual act between them. So, my takeaway from that is if jurisdictions don't... That's just saying there is such a thing as a non-coerced prostitute, right? That's correct. But that doesn't speak to whether in this instance these were or were not non-coerced prostitutes. That's correct. What it said to me was that if jurisdictions don't need to include prostitution itself in SORNA registration and it doesn't make sense that the act of facilitating prostitution between two consenting adults would be a SORNA offense. I think that's probably logically sound, but then, of course, when you say between two, quote, consenting adults, unquote, you've just put the rabbit in the hat, right? I understand that that's the ultimate issue. I just want to mention that the SMART guidelines are out there and give you the reference in case it made any impact on your analysis since it wasn't in my briefing. Do you think we should remand this case on the judge to reconsider the question of whether the women involved in the three counts were coerced to make a specific finding? I think that's a possibility in this case. But that's not what you're asking for. You just want it stricken, don't you? I do. But if it's the court's opinion that we should take another bite at this, I would think I'm happy to do it. Well, there's a lot of thought here that's going into this. I'm not so sure there was initially. I don't want to be critical of the trial court because this was not a big issue in the sentencing. How long was the sentence here? It was very long, as I remember. Right. He was sentenced under the career offender statute, I think 188 months. Part of the issue was the jail time. We're talking about a real future interest. That's correct. It was my impression. I wondered why, in fact, I wondered why it was appealed. Because it's so far off. And if it was a requirement for registration by the state, this sentencing provision really wouldn't matter very much. Because you'd have to register anyhow. Well, my client had some practical considerations regarding SORNA registration and I wanted to make sure that I did justice to them. That's really the reason I'm here. Mr. Shipp has made the point that even if mandatory SORNA registration didn't apply, that we should affirm on the basis that the district court was entering it as a matter of discretion. Is there any dispute here that the district court as a discretionary matter would or did apply the SORNA registration requirement? My position on that is SORNA is not in United States Code 3583D SORNA registration is mandatory. The judgment which is Appendix 6 the judgment in Mr. Stanley's case lists it as a mandatory condition. So I think that the government was relying on the 9th Circuit case United States v. Becker which in dicta stated that SORNA registration could be discretionary but that actually is contrary to the statute itself. And I think it could also lead to absurd results where courts can impose registrations for offenses not encompassed by the statute if they felt like it. So I'm not seeing how it can possibly be a discretionary condition. I think the 9th Circuit was wrong in saying that in dicta, although it wasn't the main holding in the Becker case. Okay. Thank you very much. Thank you both counsel. We've got the matter under advice.